
FILED
NOV 04 2011
[signature] CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JANET LUNDQUIST, | * | CIV 11-4098-RAL |
| | * | |
| Plaintiff, | * | |
| | * | OPINION AND ORDER |
| vs. | * | GRANTING DEFENDANT'S |
| | * | MOTION TO DISMISS |
| SOUTH DAKOTA BOARD OF | * | |
| REGENTS, | * | |
| | * | |
| Defendant. | * | |

Plaintiff Janet Lundquist ("Lundquist") filed this Complaint on July 13, 2011, against Defendant South Dakota Board of Regents ("Board of Regents"). A related case, involving the same core facts and allegations, is Janet Lundquist v. University of South Dakota Sanford School of Medicine, CIV 09-4147-RAL ("Lundquist I"). In both cases, Lundquist alleged that her employer failed to reasonably accommodate her disability contrary to the Americans with Disabilities Act ("ADA") and then constructively discharged her through making her work environment intolerable. Lundquist resigned her employment on July 24, 2008.

Lundquist sued the Board of Regents after learning, through a motion for summary judgment, that the Board of Regents – rather than University of South Dakota Sanford School of Medicine – was the entity that Lundquist should have named, for reasons that this Court has addressed in a separate opinion. Lundquist I (Doc. 36); See also Pushkin v. South Dakota State University, 2010 WL 5089480 (D.S.D. Dec 8, 2010).

Lunquist then sought to serve the Board of Regents within the time remaining under the statute of limitations. Lundquist also filed motions for joinder, more appropriately characterized as motions for consolidation of cases, seeking to join the above-captioned case with the underlying case of Lundquist I. See Sierra v. McGuinness, 2011 WL 332426 (E.D. Cal. 2011); 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2382 (3d ed.).

This Court recently granted summary judgment to USD Sanford School of Medicine, both because it was not the proper defendant due to its lack of an ability to sue or be sued and because, under the undisputed material facts viewed in the light most favorable to Lundquist, summary judgment against Lundquist on the underlying claims was appropriate. Lundquist I

(Doc. 36).

The Board of Regents moves to dismiss this case, arguing that Lundquist failed to effectuate proper service upon the Board of Regents under Rule 4(j) of the Federal Rules of Civil Procedure. Lundquist attempted to serve the Board of Regents by having a sheriff deliver a copy of the summons and complaint to the executive administrative secretary of the Board of Regents. Lundquist did not have the summons and complaint served upon the Attorney General for the State of South Dakota.

When a defendant moves to dismiss for insufficient service, the plaintiff bears the burden of establishing a prima facie case that proper service occurred. Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1387 (8th Cir. 1995). A motion to dismiss under Rule 12(b)(5) is to be granted when a plaintiff's service of process was insufficient. Karns v. Dix, 394 F.Supp.2d 1102, 1104 (D.S.D. 2005). This is because a defect in service is jurisdictional: "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." Printed Media Services, Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993). "This principle remains true despite any actual notice a defendant may have of a lawsuit." Seig v. Karnes, 693 F.2d 803, 807 (8th Cir. 1982).

Under Rule 4(j) of the Federal Rules of Civil Procedure, a state-created governmental organization like the South Dakota Board of Regents must be served by:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer ; or
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed.R.Civ.P. 4(j)(2). Lundquist served Barbara Christensen, the Board of Regents' executive administrative secretary. Ms. Christensen is not the "chief executive officer" of the Board of Regents. Thus, the service did not satisfy Rule 4(j)(A).

To satisfy Rule 4(j), Lundquist must establish a prima facie case that she satisfied the state law for serving the Board of Regents. In South Dakota, S.D.C.L. 15-6-4(d) prescribes the manner for serving a state agency or institution. In relevant part, S.D.C.L. 15-6-4(d) provides:

> (5) if the action is against a state or any of its institutions, departments, or agencies, by service upon such officer or employee as may be designated by the statute authorizing such action, and upon the attorney general. . .

S.D.C.L. 15-6-4(d)(5). Even if Ms. Christensen could be considered under S.D.C.L. 15-6-4(d)(5) as an appropriate officer to serve, Lundquist failed to serve the Attorney General of the State of South Dakota. Thus, Lundquist cannot establish a prima facie case that service was appropriate in this case under either part of Rule 4(j).

There exists an additional reason for dismissal of this case. This Court has determined that summary judgment on the merits of Lundquist's claims was appropriate. Lundquist I (Doc. 36). In the above-captioned case, Lundquist brings the same claims as she did previously. Indeed, this case simply sought to cure the naming of an improper defendant. Because summary judgment on the underlying claims is appropriate and has already been granted, dismissal of this case would be merited, even if service of process had been performed properly on the Board of Regents.

Therefore, it is hereby

ORDERED that Plaintiff's Motion for Joinder (Doc. 6) is denied. It is further

ORDERED that Defendant's Motion to Dismiss (Doc. 11) is granted.

Dated November 4, 2011.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE